ACCEPTED
15-25-00151-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/8/2025 2:52 PM
CHRISTOPHER A. PRINE
CLERK



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/8/2025 2:52:49 PM
CHRISTOPHER A. PRINE
Clerk

October 8, 2025

Christopher A. Prine      **via email:** chris.prine@txcourts.gov
Clerk of Court
Fifteenth Court of Appeals
P.O. Box 12852
Austin, Texas 78711

       RE:    *In re: Texas Alcoholic Beverage Commission,* Case No. 15-25-00151-CV

Dear Mr. Prine,

I represent Relator Texas Alcoholic Beverage Commission in the above captioned matter. Currently before the court is Relator's Petition for Writ of Mandamus and Relator's Emergency Motion for Temporary Relief. Item three of the Technology section of the General Operating Procedures of the Fifteenth Court of Appeals suggests that parties should provide copies of authorities not available on Westlaw.

As such, I am enclosing the relevant excerpt to the Texas Liquor Control Act, Acts 1937, 45th Leg., p. 1053, ch. 448, § 13.

                 Sincerely,

                 */s/ Patrick Todd*
                 Patrick Todd
                 Assistant Attorney General
                 Administrative Law Division
                 P.O. Box 12548, Capitol Station
                 Austin, Texas 78711-2548
                 Ph: (512) 936-1660
                 Fax: (512) 320-0167
                 patrick.todd@oag.texas.gov

                 **Attorney for Relator**

Cc:    balidoedocsnotifications@wbclawfirm.com
        WrightEdocsNotifications@wbclawfirm.com
        bcano@feesmith.com
        smengis@feesmith.com
        arussell@feesmith.com
        gwilliams@feesmith.com
        jdegollado@feesmith.com
        kent.adams@wilsonelser.com

danielle.hollis@wilsonelser.com
cameron.keener@wilsonelser.com
lysandra.ramirez@wilsonelser.com
niki.fischer@wilsonelser.com
dcarter@smithandhassler.com
avillegas@smithandhassler.com
ELampert@krcl.com
mlogan@krcl.com
KHayes@krcl.com
kbright@krcl.com
maziz@awtxlaw.com
jdean@awtxlaw.com
kspurlock@awtxlaw.com
hhutson@awtxlaw.com

provided by statute for the annexation of such territory and the crowded condition of the Legislative calendar, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it so enacted.

[NOTE.—S. B. No. 509 passed the Senate, May 7, 1937, by a vote of 29 yeas 0 nays; passed the House, May 10, 1937, by a vote of 112 yeas, 0 nays.]

Approved June 8, 1937.
Effective June 8, 1937.

---

## REVISING TEXAS LIQUOR CONTROL LAW.

H. B. No. 5.]  CHAPTER 448.

An Act defining the term "open saloon" and prohibiting the operation thereof and providing penalties for violations, further regulating the traffic in alcoholic beverages in this State and prescribing penalties for violations thereof; providing for the Liquor Control Board; vesting the Texas Liquor Control Board and its representatives with additional powers to administer the provisions of the Texas Liquor Control Act; providing for appointment of the Administrator and his salary and duties to be under the direction of the Board; providing for certain issues to be submitted at local option elections; making provision for the contest of local option elections; revising and extending the system of permits and licenses required of persons engaged in various phases of the liquor traffic and the issuance of same; requiring bonds to be filed in support of permits and prescribing certain liabilities and penalties thereon; levying, altering, and clarifying fees and taxes heretofore levied, and levied by the provisions of this Act and providing for their collection and allocating such fees and taxes collected; authorizing the issuance of search warrants and otherwise strengthening and extending the powers and duties of peace officers and of agents and representatives of the Board; providing for methods and procedure in appealing from decisions of the Board; defining additional terms used in the Texas Liquor Control Act and in this Act; making appropriations; repealing certain laws and parts of laws, including Sections 17, 17a, 20, 22, 23a, and 43 of Article 1 of Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature and by repealing Section 50 of the Texas Liquor Control Act as enacted by House Bill No. 432, Acts of the Regular Session of the Forty-fifth Legislature; amending Sections 3, 3-a, 4, 4 (a), 4 (b), 5, 6, 10, 11, 12, 13, 14, 15, 15a, 16, 19, 21a, 23, 25, 26, 27, 28, 30, 31, 40, 41, 42, 44, 45, 46, 47, and 48 of Article I of Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature, and Section 21 of Article I, Chapter 467, Acts, Second Called Session, Forty-fourth Legislature as amended by Section 3 of Article III, House Bill No. 8, Acts, Third Called Session, Forty-fourth Legislature; amending Article 1 of Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature by adding thereto new sections to be known as Sections 7 (a), 7 (b), 7 (c), 12 (a), 15 (a), 15 (b), 15 (c), 15 (d), 15 (e), 17, 17 (a),

20, 21 (b), 21 (c), 23 (a), 25 (a), and 41 (a); repealing Sections 1 to 23, both inclusive, of Article II of Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature; adding thereto new sections to be known as Sections 1 to 29, both inclusive; fixing the effective date of this Act and declaring an emergency.

*Be it enacted by the Legislature of the State of Texas:*

## ARTICLE I.

SECTION 1. That Section 3 of Article I, Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature be amended so as to hereafter read as follows:

"Sec. 3 (a). The term 'open saloon' as used in this Act, means any place where any alcoholic beverage whatever, manufactured in whole or in part by means of the process of distillation, or any liquor composed or compounded in part of distilled spirits, is sold or offered for sale for beverage purposes by the drink or in broken or unsealed containers, or any place where any such liquors are sold or offered for sale for human consumption on the premises where sold.

"(b). It shall be unlawful for any person, whether as principal, agent, or employee, to operate or assist in operating, or to be directly or indirectly interested in the operation of any open saloon in this State.

"(c). It shall be unlawful for any person to whom a Wine and Beer Retailer's Permit or Beer Retailer's License has been issued or any officer, agent, servant, or employee thereof to have in his possession on the licensed premises, any distilled spirits or any liquor containing alcohol in excess of fourteen (14) per centum by volume.

"(d). Any person who violates any portion of this Section shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by fine of not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1,000), or by imprisonment in the county jail for not more than one year. Any person who is twice convicted under the provisions of this Section shall for the second and all subsequent offenses be punished by fine of not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1,000), and by confinement in the county jail for not less than thirty (30) days nor more than one year."

SEC. 2. That Section 3-a, Article I, Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature be amend so as to hereafter read as follows:

"Sec. 3-a. The following definitions of words and terms shall apply as used in this Act:

"'Alcoholic Beverage' shall mean alcohol and any beverage containing more than one-half of one per cent of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted.

"'Consignment Sale' shall mean the delivery of alcoholic bev-

erages under any agreement, arrangement, condition, or system whereby the person receiving the same has the right at any time to relinquish possession to or return them to the shipper and whereby title to such remains in the shipper. It shall also mean the delivery of alcoholic beverages under any agreement, arrangement, condition, or system whereby the person designated as the receiver merely acts as an intermediary for the shipper or seller and the actual receiver as well as the delivery of alcoholic beverages to a factor or broker or any other method employed by a shipper or seller whereby any person is placed in actual or constructive possession of alcoholic beverages without acquiring title thereto, or any method employed by a shipper or seller whereby any person designated as the purchaser did not in fact purchase the same. It is not intended that this definition shall exclude any other kind of transaction which in law may be construed as a consignment sale.

"'Distilled Spirits' shall mean alcohol, spirits of wine, whiskey, rum, brandy, gin, and any liquor produced in whole or in part by the process of distillation, including all dilutions and mixtures thereof.

"'Illicit Beverage' shall mean and refer to any alcoholic beverage manufactured, distributed, bought, sold, bottled, rectified, blended, treated, fortified, mixed, processed, warehoused, stored, possessed, imported, or transported in violation of this Act, or on which any tax imposed by the laws of this State has not been paid and the tax stamp affixed thereto; and any alcoholic beverage possessed, kept, stored, owned, or imported with intent to manufacture, sell, distribute, bottle, rectify, blend, treat, fortify, mix, process, warehouse, store, or transport in violation of the provisions of this Act.

"'Liquor' shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated. Proof that an alcoholic beverage is alcohol, spirits of wine, whiskey, liquor, wine, brandy, gin, tequilla, mescal, habanero, or barreteago, shall be prima facie evidence that the same is liquor as herein defined.

"'Person' shall mean and refer to any natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them.

"'Premise' shall mean the grounds as well as all buildings, vehicles, and appurtenances pertaining thereto, and shall also include any adjacent premises, if directly or indirectly under the control of the same person.

"'Wine and vinous liquor' shall mean the product obtained from the alcoholic fermentation of juice of sound ripe grapes, fruits, and berries.

"Any definition contained herein shall apply to the same word in any form."

SEC. 3.    That Section 4, Article 1, Chapter 467, Acts of the

nership or association and all officers and the owner or owners of the majority of the corporate stock of a corporation."

SEC. 12. That Section 12, Article I, Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature, be amended so as to read as follows:

"Sec. 12. The Board or Administrator may cancel or may suspend for any period of time not exceeding sixty (60) days, after notice and hearing any such permit granted if it is found that any of the following is true:

"(1). That the permittee has at any time been convicted for the violation of any provision of this Act.

"(2). That the permittee has violated any provision of this Act or any rule or regulation of the Board at any time.

"(3). That the permittee has made any false or misleading representation or statement in his application.

"(4). That the permittee is indebted to the State for any taxes, fees, or penalties imposed by this Act or by any rule or regulation of the Board.

"(5). That the permittee is not of good moral character, or that his reputation for being a peaceable and law-abiding citizen in the community where he resides is bad.

"(6). That the place or manner in which applicant conducts his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the permit.

"(7). That the permittee is not maintaining an acceptable bond.

"(8). That the permittee maintains a noisy, lewd, disorderly, or insanitary establishment or has been supplying impure or otherwise deleterious beverages.

"(9). That the permittee is insolvent or incompetent or physically unable to carry on the management of his establishment.

"(10). That the permittee is in the habit of using liquor to excess.

"(11). That either the permittee, his agents, servants, or employees have misrepresented to a customer or the public any liquor sold by him.

"(12). Where the word 'permittee' is used in (1), (2), (3), (5), (6), and (10), of this Section it shall also mean and include each member of a partnership or association and each officer and the owner or owners of the majority of the corporate stock of a corporation."

SEC. 13. That Article I, Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature, be amended by adding thereto a new Section to be known as Section 12 (a) which shall read as follows:

"Sec. 12 (a). (1). The Board or Administrator shall have the power upon its own motion, and it is hereby made its duty upon petition of any Mayor, Chief of Police, or any City Marshal, or the City Attorney of any city or town, or the County Judge,

Sheriff, or County or District Attorney of any county of this State wherein may be located the place of business of any permittee complained of, which said petition shall be supported by the sworn statement of at least one credible person, to fix a date for hearing and give notice thereof to any permittee complained of for the purpose of determining whether the permit should be cancelled or supended and notify such permittee that he may appear to show cause why such permit should not be cancelled or suspended in accordance with the provisions of this Act.

"(2). In all cases where application is made for a permit, the Board or Administrator shall give due consideration to the recommendations of any of the above enumerated officers in granting or refusing such permit. In all instances where a protest against the issuance of a permit is made to the Board by the above enumerated officers, if upon a hearing or upon any finding of facts, it is determined that the issuance of a permit would be in conflict with the requirements as set out in this Act, the Board or Administrator shall enter its order accordingly. A copy of any order or refusal shall be mailed or delivered immediately to the applicant which said order shall set forth the reasons for refusal.

"(3). The Board or Administrator may designate any of its members or other representatives to conduct any hearing, authorized by this Act, make a record thereof, and the Board or Administrator may upon such record render its decision as though the hearing had been held before all members of the Board or Administrator. The Board may prescribe its own rules of procedure and evidence.

"(4). All notices of hearing for refusal, cancellation, or suspension may be served personally or by any representative of the Board or by sending the same by United States registered mail addressed to the person cited at his last known address and no other notice shall be necessary. At least three (3) days notice shall be given in all instances where a hearing is provided for by this Act. Notice of cancellation or suspension stating the reason therefor, shall be served upon the permittee or upon whatever person may be in charge temporarily, or otherwise, of the licensed premises, or shall be affixed to the outside of the door of the licensed premises, or shall be sent by United States registered mail addressed to such permittee or licensee at the licensed premises, or said cancellation notice shall be published by the Board once a week for three (3) consecutive weeks in the county in which the licensed premises are located, or if no newspaper is published in the county, in a newspaper in a neighboring county. Cancellation or suspension shall take effect upon affixing, service, delivery, or first publication of such notice. Such affixing, service, or delivery, or publication of a cancellation or suspension shall be adequate notice to all parties concerned.

"(5). All notices, orders, records, and publications authorized or required by the terms of this Act shall be privileged. It is further provided that in all suits by the State or Board or in which the State or Board is a party or parties, a transcript from the papers, books, records, and proceedings of the Board purporting to contain a true statement of accounts between the Board or the State and any person, and all rules, regulations, orders, audits, bonds, contracts, or other instruments relating to or connected with any transaction had between the Board and any person, when certified by the Administrator or Chairman of the Board to be true copies of the originals on file with the Board and authenticated under the seal of the Board shall be admitted as prima facie evidence of their verity, existence, and validity and shall be entitled to the same degree of credit that would be due to the original papers if produced and proved in Court; but when any suit is brought upon a bond or other written instrument, executed by any person and he shall by plea under oath deny the execution of such instrument, the Court shall require the production and proof of the same.

"In the event the Attorney General shall file suit or claim for taxes and attach or file as an exhibit any report or audit of said permittee or licensee, and an affidavit made by the administrator or his representative that the taxes shown to be due by said report or audit are past due and unpaid, that all payments and credits have been allowed, then, unless the party resisting the same shall file an answer in the same form and manner as required by Article 3736, Revised Civil Statutes of Texas, of 1925, as amended by Chapter 239, Acts of the Regular Session of the Forty-Second Legislature, said audit or report shall be taken as prima facie evidence thereof, and the proceedings of said Article are hereby made applicable to suits to collect taxes hereunder.

"A certificate under the seal of the Board executed by any member or the Administrator setting forth the terms of any order, rule, regulation, bond, or other instrument referred to in this Section and that the same had been adopted, promulgated, and published or executed and filed with the Board and was in force and effect at any date or during any period specified in such certificate, shall be prima facie evidence of all such facts, and such certificate shall be admitted in evidence in any action, civil or criminal, involving such order, rule, and regulation and the publication thereof, without further proof of such promulgation, adoption, or publication and without further proof of its contents and the same provision shall apply to any bond or other instrument referred to in this Section.

"(6). It shall be the duty of the Board by its printed rules and regulations entered upon its minutes to immediately specify the duties and powers of the Administrator. In all instances whereby provisions of this Act, concurrent powers and duties are imposed upon the Board and Administrator, the Board shall designate such powers and duties which it delegates to the Ad-

ministrator. All orders, decisions, and judgments entered and rendered by the Administrator in matters upon which he has been empowered to act shall not be subject to change, review, or revision by the Board. All other concurrent powers and duties which are not specifically delegated to the Administrator by the Board's order shall be considered as retained by the Board itself and all orders, decisions, and judgments rendered and entered by the Board shall not be subject to change, review, or revision by the Administrator."

SEC. 14. That Section 13, Article I, Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature, be amended so as to read as follows:

"Sec. 13. Any permit granted under this Act shall be a purely personal privilege, and except wine and beer retailers' permits issued to other than a railway dining, buffet, or club car, good for the year in which issued, and ending on August 31st of each year at 12 o'clock midnight, and all permits shall be revocable for the causes herein stated, subject to appeal as hereinafter provided, and shall not constitute property, nor shall it be subject to execution, nor shall it descend by the laws of testate or intestate devolution, but shall cease upon the death of the permittee; provided, that the Board, by regulation may provide for a time and manner in which the successor in interest of any deceased, insolvent, or bankrupt permittee or receiver may dispose of liquors left on hand by the permittee.

"It is expressly provided that the acceptance of a permit or license issued under either Article I or Article II of this Act shall constitute an express agreement and consent on the part of the permittee or licensee that the Board, any of its authorized representatives or agents, or any peace officer shall have at all times the right and privilege of freely entering upon the licensed premises for the purpose of conducting any investigation or for inspecting said premises and for the further purpose of performing any duty imposed upon the Board, its representatives, or any peace officer by this Act or by any rule and regulation of the Board."

SEC. 15. That Section 14, Article I, Chapter 467, Acts of the Second Called Session of the Forty-fourth Legislature, be amended so as to hereafter read as follows:

"Sec. 14. Unless specifically denied herein an appeal from any order of the Board or Administrator refusing, cancelling, or suspending a permit or license may be taken to the District Court of the County in which the aggrieved licensee or permittee, or the owner of involved real or personal property may reside. In all other suits against the Board venue shall be in Travis County, Texas. The proceeding on appeal shall be against the Board alone as defendant and the trial shall be de novo under the same rules as ordinary civil suits, with the following exceptions, which shall be considered literally, viz.:

"a. All appeals shall be perfected and filed within thirty (30) days after the effective date of the order, decision or ruling of the Board or Administrator.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mayra Contreras on behalf of Patrick Todd
Bar No. 24106513
mayra.contreras@oag.texas.gov
Envelope ID: 106609480
Filing Code Description: Letter
Filing Description: Letter to Court re Case law
Status as of 10/8/2025 2:57 PM CST

Associated Case Party: Liffey Inc., D/B/A Molly's Pub

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Danielle Hollis | 24085380 | danielle.hollis@wilsonelser.com | 10/8/2025 2:52:49 PM | SENT |
| Cameron Keener | 24107827 | cameron.keener@wilsonelser.com | 10/8/2025 2:52:49 PM | SENT |
| Kent Adams | 869200 | kent.adams@wilsonelser.com | 10/8/2025 2:52:49 PM | SENT |

Associated Case Party: Eduardo Moreno

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Laura Wright | 24098636 | WrightEDocsNotifications@wbclawfirm.com | 10/8/2025 2:52:49 PM | SENT |
| Carlos Balido | 1631230 | balidoedocsnotifications@wbclawfirm.com | 10/8/2025 2:52:49 PM | SENT |

Associated Case Party: Orlando Hayward, Indiv and as Rep of the Estate of Niguel Hayward, Deceased

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Muhammad Aziz | 24043538 | maziz@awtxlaw.com | 10/8/2025 2:52:49 PM | SENT |
| Hailey Hutson | 24143669 | Hhutson@awtxlaw.com | 10/8/2025 2:52:49 PM | SENT |
| Jessica LDen | | jdean@awtxlaw.com | 10/8/2025 2:52:49 PM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 10/8/2025 2:52:49 PM | SENT |

Associated Case Party: Reyna Hayward, Indiv and as Rep of the Estate of Niguel Hayward, Deceased

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Muhammad Aziz | 24043538 | maziz@awtxlaw.com | 10/8/2025 2:52:49 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mayra Contreras on behalf of Patrick Todd
Bar No. 24106513
mayra.contreras@oag.texas.gov
Envelope ID: 106609480
Filing Code Description: Letter
Filing Description: Letter to Court re Case law
Status as of 10/8/2025 2:57 PM CST

Associated Case Party: Reyna Hayward, Indiv and as Rep of the Estate of Niguel Hayward, Deceased

| | | | | |
|---|---|---|---|---|
| Muhammad Aziz | 24043538 | maziz@awtxlaw.com | 10/8/2025 2:52:49 PM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 10/8/2025 2:52:49 PM | SENT |
| Jessica LDen | | jdean@awtxlaw.com | 10/8/2025 2:52:49 PM | SENT |
| Hailey Hutson | 24143669 | Hhutson@awtxlaw.com | 10/8/2025 2:52:49 PM | SENT |

Associated Case Party: Sandbaggers Pub, NP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Logan | 12497500 | Mlogan@krcl.com | 10/8/2025 2:52:49 PM | SENT |
| Kayla Bright | 24138092 | kbright@krcl.com | 10/8/2025 2:52:49 PM | SENT |

Associated Case Party: Time to Spare LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Logan | 12497500 | Mlogan@krcl.com | 10/8/2025 2:52:49 PM | SENT |
| Kayla Bright | 24138092 | kbright@krcl.com | 10/8/2025 2:52:49 PM | SENT |

Associated Case Party: KellyRay Wren

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephen Mengis | 24094842 | smengis@feesmith.com | 10/8/2025 2:52:49 PM | SENT |
| Brian Cano | 24045613 | bcano@feesmith.com | 10/8/2025 2:52:49 PM | SENT |

Associated Case Party: Draggin Tools Trucking, LLC

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mayra Contreras on behalf of Patrick Todd
Bar No. 24106513
mayra.contreras@oag.texas.gov
Envelope ID: 106609480
Filing Code Description: Letter
Filing Description: Letter to Court re Case law
Status as of 10/8/2025 2:57 PM CST

Associated Case Party: Draggin Tools Trucking, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephen Mengis | 24094842 | smengis@feesmith.com | 10/8/2025 2:52:49 PM | SENT |
| Brian Cano | 24045613 | bcano@feesmith.com | 10/8/2025 2:52:49 PM | SENT |

Associated Case Party: Texas Alcoholic Beverage Commission

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patrick Todd | | patrick.todd@oag.texas.gov | 10/8/2025 2:52:49 PM | SENT |
| Mayra Contreras | | mayra.contreras@oag.texas.gov | 10/8/2025 2:52:49 PM | SENT |

Associated Case Party: Christine Weems

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christine Weems | | Raven_Hubbard@justex.net | 10/8/2025 2:52:49 PM | SENT |

Associated Case Party: Ashlie Dominguez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Daragh Carter | 24050387 | dcarter@smithandhassler.com | 10/8/2025 2:52:49 PM | SENT |